IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03366-GPG

JEREMY D. HOWARD,

    Plaintiff,

    v.

RICK RAEMISCH, Or Current Executive Director of CDOC,
PAMELA PLOUGH, Or Current Warden of Cañon Minimum Center-ACC, FMCC, SCC,
JOHN SUTHERS, Or The Current Colorado Attorney General,
ADRIENNE GREENE, Denver Chief Deputy District Attorney, and
REBEKKA HIGGS, Denver Public Defender,

    Defendants.

---

## ORDER DISMISSING CASE

---

    Jeremy D. Howard initiated this action by filing *pro se* a pleading titled, "Criminal Complaint." On December 11, 2014, Magistrate Judge Gordon P. Gallagher reviewed the pleading, determined that Mr. Howard is challenging vested good/earned time credits, his disciplinary record, and possibly a State of Colorado conviction, and directed Mr. Howard to cure certain deficiencies. Magistrate Judge Gallagher specifically directed Mr. Howard to submit his claims on an appropriate Court-approved form and either to pay a filing fee or in the alternative submit a request to proceed pursuant to 28 U.S.C. § 1915.

    Mr. Howard then submitted a Motion to Withdraw, ECF No. 7, to the Court on January 22, 2015. In the Motion, Mr. Howard states that he desires to "withdraw his petition for a federal habeas corpus 2254 motion for post-conviction relief." ECF No. 7 at 1. Mr. Howard sets forth the merits of his claims, ask for assistance from the Court in obtaining relief, but concludes that he is withdrawing the action because he has not exhausted state remedies.

The Court must construe the Motion liberally because Mr. Howard is a *pro se* litigant.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  No answer on the merits or motion for summary judgment has been filed by Defendants in this action.  Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

The Court, therefore, construes the Motion as a Notice of Voluntary Dismissal filed pursuant to Rule 41(a)(1)(A)(i).  The file will be closed as of January 22, 2015, the date the Notice was filed with the Court.  *See Hyde Constr. Co.*, 388 F.2d at 507.  Accordingly, it is

ORDERED that the Motion to Withdraw, ECF No. 7, is construed as a Notice of Voluntary Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and is effective as of January 22, 2015, the date Mr. Howard filed the Notice in this action.  It is

FURTHER ORDERED that the action is dismissed without prejudice.

DATED at Denver, Colorado, this   26th   day of    January      , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court